UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br><br>VINCENTE PEREZ-GALLARDO,<br>MIGUEL CISNEROS-ALVAREZ,<br><br>            Defendant. | NO.      CR-04-2170-LRS<br>           CR-04-2171-LRS<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT; DENYING MOTION FOR JUDGMENT OF ACQUITTAL; DECLARATION OF MISTRIAL** |

    This Order is entered to memorialize and supplement the oral rulings of the Court in the above referenced matters on April 18-20, 2005.

    1. On April 18, 2005, prior to the start of trial, the government orally moved to dismiss count one of the indictment. The Court **GRANTED** the government's motion for dismissal of count one of the indictment without prejudice. The court makes no judgment as to merit or wisdom of this dismissal.

    2. On April 19, 2005, at the close of the government's case the defendants orally moved for judgment of acquittal pursuant to Fed.R.Crim. Procedure 29, at which time, for the reasons stated on the record, the Court **DENIED** the motions.

ORDER. . . - 1

3.	At the defendants' jury trial on April 18-20, 2005, the jury did not return a unanimous verdict as required by Fed.R.Crim.Proc. 31(a). Upon being questioned by the undersigned in open court, the presiding juror indicated that the jury was unable to reach a verdict as to one or both defendants and that additional time would not be helpful. The undersigned judge then asked each member of the jury whether it was their belief the jury was hopelessly deadlocked. Each member responded, "yes."

A truly deadlocked jury represents an instance of manifest necessity requiring the declaration of a mistrial. *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). Considering the jurors' responses, the complexity of the case, the length of the trial, and the length of the jury's deliberation, the Court found the jury to be truly deadlocked, declared a mistrial, and discharged the jury.

According to statute, if either of the defendants are going to be tried again, **the trial must begin within SEVENTY (70) DAYS** from **April 20, 2005**, the date the Court declared a mistrial. 18 U.S.C. § 3161(e). See also 18 U.S.C. § 3162(a)(2).

ACCORDINGLY, **IT IS HEREBY ORDERED** a status conference to discuss the the pending matters shall be held on **May 5, 2005 at 9:30 a.m.** in Yakima, Washington. The defendants shall be present.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to the parties, provide copies to

///

///

ORDER. . . - 2

all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

DATED this 20th day of April, 2005

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER. . . - 3